IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO
345 South High Street
Columbus, OH 43215

| | | |
|---|---|---|
| John Dale Allen, on behalf of himself and all others similarly situated, 3561 Rangoon Drive Westerville, Ohio 43081, | ) ) ) ) ) | Civil No. Judge: |
| Plaintiffs | ) ) ) | |
| v. | ) ) | Class Action for Fraudulent Conversion, Unjust Enrichment, Breach of Fiduciary |
| Nationwide Mutual Insurance One Nationwide Plaza Columbus, Ohio 43215-2220; | ) ) ) ) | Duty and Breach of Contract **Trial by Jury Demanded** |
| JP Morgan Chase & Co. Westerville Square Shopping Center 77 Huber Ridge Blvd. Westerville, OH 43081; and J. Does, | ) ) ) ) ) | |
| Defendants | ) | |

### Jurisdiction and Venue

This Court has jurisdiction over this case pursuant to ORC 2305.01 and Civ. R. 3. Plaintiff is informed, believes and alleges that, based on the places of business of the Defendants and/or the national reach of the Defendants, a substantial part of the events giving rise to the claims herein occurred in Franklin county and that Defendants and/or agents of Defendants may be found in Franklin county.

### Class Action Allegations

Pursuant to Ohio Rules of Civil Procedure, Rule 23(A) and (B), Plaintiff brings this action on behalf of himself and a nationwide class of similarly situated people defined as all American Citizens in America and overseas who are current users or customers of the services and/or products of Nationwide Mutual Insurance and JP Morgan Chase & Co.

Plaintiff also brings this action on behalf of himself and other Americans who, in addition to being members of the class, had their money withheld by or on behalf of Defendants.

All parties seek certification of claims for declaratory relief, injunctive relief and damages.

This action is brought as a class action and may be so maintained pursuant to the provisions of Civ. R. 23. Plaintiffs reserve the right to modify the class and Defendants definitions and the class period based on the results of discovery.

1

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 May 25 4:32 PM-17CV004796
0D603 - M24

The class is so numerous that the individual joinder of all members in this or any other action is impracticable. The exact number or identification of class members is presently unknown to Plaintiff, but it is believed that the class numbers are over one hundred thousand people. The identity of class members and their addresses may be ascertained from Defendants' records. Class members may be informed of the pendency of this action by a combination of direct mail and public notice, or other means, including through records possessed by Defendants.

There is a well-defined community of interest in the questions of law and fact involved affecting the members of the class. These common legal and factual questions include, but are not limited to:

a. Whether Defendants have withheld Plaintiff's and class members' money for the benefit of Defendants and are currently doing so;
b. Whether Plaintiff and class members are entitled to recover compensatory, statutory and punitive damages, whether as a result of Defendants' illegal conduct, and/or otherwise;
c. Whether Plaintiff and class members are entitled to declaratory, injunctive and/or equitable relief; and
d. Whether Plaintiff and class members are entitled to an award of reasonable attorney's fees, pre-judgment interest and costs of this suit.

Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and the class members are or were consumers or users of Defendants' products and/or services and have communicated, either personally, telephonically or electronically, through Defendants' products and/or services. Plaintiff and all members of the class have similarly suffered harm arising from Defendants' violations of law, as alleged herein.

Plaintiff, as a paralegal certified in legal research and advanced civil litigation, is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff intends to prosecute this action vigorously. Plaintiff will fairly and adequately protect the interests of the members of the class without the exorbitant fees that attorneys will charge in the event of successful settlement or judgment.

This suit may also be maintained as a class action pursuant to Civ. R. 23(B)(2) because Plaintiff and the class seek declaratory and injunctive relief, and all of the above factors of numerousness, common questions of fact and law, typicality and adequacy are present. Defendants have acted on grounds generally applicable to Plaintiff and the class as a whole, thereby making declaratory and/or injunctive relief proper.

This suit may also be maintained as a class action under Civ. R. 23(B)(3) because questions of law and fact common to the class predominate over the questions affecting only individual members of the class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual class member, depending on the circumstances, may be relatively small or modest, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Furthermore, it would be virtually impossible for the class members, on an individual basis, to obtain effective redress for the wrongs done to them. Moreover, even if class members themselves could afford such individual litigation, the court system could not. Individual litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expenses to all parties and the court system presented by the complex legal issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

0D603 - M25  Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 May 25 4:32 PM-17CV004796

## Complaint

1. On September 19, 2016, an insured of Defendant Nationwide struck Plaintiff's car while Plaintiff was having breakfast at a Waffle House in Westerville, Ohio.

2. Plaintiff filed a claim (Claim #792698-GD) with Defendant Nationwide.

3. On September 20, 2016, Plaintiff obtained an estimate for repairs from Kumler Collision, Inc. in Lancaster, Ohio.

4. Said repair estimate was in the amount of $1,716.39.

5. Defendant Nationwide approved repairs in the amount of $1,183.55 which was $532.84 less than what was needed to repair Plaintiff's car.

6. Plaintiff contacted the insured of Defendant Nationwide to ask said insured to pay the $532.84 needed to complete the repairs.

7. Said insured claimed they did not have the money to pay Plaintiff for the remaining repairs to Plaintiff's car.

8. Plaintiff asked Defendant Nationwide for a supplemental amount of $532.84 for the remaining repairs, but Defendant Nationwide refused.

9. Plaintiff then went to Defendant Nationwide's place of business in Ohio to pick up the check for $1,183.55.

10. Said check was drawn on Defendant J.P. Morgan's bank.

11. Plaintiff went to Defendant J.P. Morgan's place of business in Ohio to cash said check.

12. Defendant J.P. Morgan refused to cash said check stating that Defendant Nationwide had not released the funds.

13. Plaintiff contacted Defendant Nationwide concerning the funds and Defendant Nationwide claimed the funds had been released as soon as the check was printed.

14. Plaintiff then went back to Defendant J.P. Morgan's place of business with this information from Defendant Nationwide.

15. Defendant J.P. Morgan then told Plaintiff that there was a 2-5 day hold on the check by Defendant J.P. Morgan.

16. Defendant Nationwide is subsequently guilty of issuing a bad check, breach of contract and breach of fiduciary duty.

17. Defendant J.P. Morgan deposited Plaintiff's money in the "overnight Fed" to gain interest on Plaintiff's money for the benefit of Defendants.

3

18. Defendant J.P. Morgan is subsequently guilty of fraudulently converting Plaintiff's money to gain interest on Plaintiff's money for the benefit of Defendant J.P. Morgan and Defendant Nationwide without Plaintiff's knowledge or consent.

19. Defendants are guilty of unjust enrichment, breach of contract and breach of fiduciary duty by using Plaintiff's money to gain interest for the benefit of Defendants.

20. It is asserted that Defendant Nationwide and Defendant J.P. Morgan conducts similar illegalities to class members all over America in order to gain financially using peoples money without their consent.

### Relief Sought

21. By reason of the wrongful conduct of Defendants, each and every one of them, jointly and severally, Plaintiff and members of the class suffered and continue to suffer from severe emotional distress, pecuniary and economic damage, loss of services and loss of society accordingly.

22. Actual damages of $100,000,000.00 trebled to $300,000,000.00.

23. Punitive damages of $1,000,000,000.00.

24. Such other relief to the Plaintiff as is just.

Wherefore, Plaintiff respectfully requests that this court enter judgment in favor of Plaintiff, the Plaintiff Class and against Defendants, both jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post interest and costs and such other relief as is just.

Dated: May 19, 2017

All Rights Reserved,

John Dale Allen
C/o 3561 Rangoon Drive
Westerville, Ohio 43081
(614) 602-9725