UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DALE ALLEN

      Plaintiff,

v.

      Civil Action 2:17-cv-561
      Judge George C. Smith
      Magistrate Judge Elizabeth P. Deavers

NATIONWIDE MUTUAL
INSURANCE, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motions to Remand (ECF No. 11, 20, 25 & 27.) and Defendants' Response in Opposition (ECF No. 19).[1] For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motions to Remand be **DENIED**.

### I. Background

In December 2016, Plaintiff, a citizen of Ohio, filed a purported nationwide class action against Defendants. In his 2016 Complaint, Plaintiff claimed that Defendants violated the Stored Communication Act when Defendant Nationwide allegedly issued a "bad check" that was subsequently refused by Defendant JP Morgan Chase. *Allen v. Nationwide Mut. Ins.*, No. 2:16-cv-1178, 2017 WL 1929970 (S.D. Ohio Jan. 10, 2017). On May 9, 2017, this Court dismissed that case for failure to state a claim on which relief may be granted. *Allen v. Nationwide Mut. Ins.*, No. 2:16-cv-1178, 2017 WL 1881456 (S.D. Ohio May 9, 2017).

---

[1] Plaintiff filed four motions, variously styled as Motion to Strike, Second Motion to Strike, and Second Motion to Grant Remand. (ECF Nos. 11, 20, 25 & 27.) All four present arguments identical to those presented in Plaintiff's initial Motion to Remand. (ECF No. 11.)

Following the Court's ruling, Plaintiff filed the instant case in state court alleging an identical set of facts and purporting to bring another nationwide class action against Defendants. (ECF No. 9.) Plaintiff claims that Defendants are liable for fraudulent conversion, unjust enrichment, breach of contract, and breach of fiduciary duty arising from a one-day delay in cashing Plaintiff's insurance check, during which time Defendant JP Morgan Chase allegedly benefited from the overnight federal funds rate to accrue interest on Defendant Nationwide's check. (*Id*. at 3-4.)

On June 27, 2017, Defendants removed this matter to federal court pursuant to the provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, and further pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.) Plaintiff filed his Motion to Remand on July 3, 2017. (ECF No. 11.) Invoking the "home state controversy" provisions of CAFA, Plaintiff argues that remand is proper because he filed his self-styled First Amended Complaint in state court on June 30, 2017, purporting to restrict the proposed class to Ohio plaintiffs only. (ECF No. 20.) Defendants counter that Plaintiff's Amended Complaint is not relevant because Plaintiff never filed it in this Court. (ECF No. 19 at 2.)

## II. Standard of Review

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Under the Class Action Fairness Act, a district court has original jurisdiction over an action where (1) the amount in controversy exceeds $5 million, (2) any plaintiff is a citizen of a state different from any defendant, and (3) the proposed plaintiff class (or classes) contain(s) at least 100 members in the aggregate. 28 U.S.C.

§§ 1332(d)(2), 1332(d)(5)(B). As the party invoking federal jurisdiction, the defendant bears the burden of establishing these jurisdictional prerequisites by a preponderance of the evidence. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404–5 (6th Cir. 2007).

The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Under CAFA, "[t]he law remains that post-removal events do not oust jurisdiction." *Long v. State Farm Ins.*, No. 2:13-CV-786, 2015 WL 6391221, at *2 (S.D. Ohio Oct. 22, 2015); *see In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("Jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations."). Furthermore, "removal cases present concerns about forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction." *Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 473–74 & n. 6 (2007).

### III. Analysis

Plaintiff states that his First Amended Complaint restricts the class of plaintiffs in this matter to Ohio citizens only. (ECF No. 11.) According to Plaintiff, this Court must now decline jurisdiction under CAFA's "home state controversy" exception. (*Id*.) Defendants proffer two arguments in support of continued jurisdiction under CAFA. Defendants first argue that, because jurisdiction is determined at the time of removal, Plaintiff's subsequent efforts at amendment cannot destroy federal jurisdiction. (ECF No. 19 at 3.) Defendants also argue that, because Plaintiff filed his First Amended Complaint in state court, only Plaintiff's original Complaint is properly before the Court. (*Id*. at 2.)

The parties do not dispute that CAFA's jurisdictional prerequisites are satisfied by Plaintiff's original Complaint and that removal to federal court, therefore, was proper. (ECF Nos. 11 & 19.) They disagree, however, on the effect of Plaintiff's purported First Amended Complaint. Plaintiff's argument that his June 30, 2017, filing in state court divests this Court of jurisdiction under CAFA is misguided. (ECF No. 22.) Simply put, Plaintiff filed in the wrong court. Defendants properly removed this matter to federal court on June 27, 2017. (ECF No. 1.) A properly filed notice of removal in the state court "immediately strips the state court of its jurisdiction." *Nyamusevya v. Medical Mut. of Ohio*, No. 02AP–769, 2003–Ohio–3335, ¶ 24 (Ohio Ct. App. 10th Jun. 26, 2003) (quoting *In re Diet Drugs*, 282 F.3d 220, 232, n. 6 (3rd Cir. 2002)). From the moment of removal, then, a filing in state court is a nullity. Plaintiff's June 30, 2017, filing in state court came three days too late to effectively amend his Complaint. For that reason alone it would be proper to deny Plaintiff's Motions for Remand.

Even assuming, *arguendo*, that Plaintiff properly filed his First Amended Complaint in this Court, his hypothetical post-removal restrictions on the potential class would not change the fact that federal jurisdiction under CAFA was proper at the time of removal, which is the touchstone for determining such jurisdictional questions under CAFA. *Long*, 2015 WL 6391221, at *2. Because federal jurisdiction was proper at the time Defendants removed this matter, subsequent amendments to the Complaint will not divest this Court of jurisdiction under CAFA. *Id*. For that reason, the Court need not address Plaintiff's "home state controversy" arguments. The Undersigned finds, therefore, that it is proper for this Court to continue its exercise of jurisdiction in this case pursuant to the provisions set forth in CAFA.

## IV. Conclusion

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Motions to Remand be **DENIED**. (ECF Nos. 11, 20, 25 & 27.)

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: November 2, 2017                    /s/ *Elizabeth A. Preston Deavers*
                                  ELIZABETH A. PRESTON DEAVERS
                                  UNITED STATES MAGISTRATE JUDGE