# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN DALE ALLEN

    **Plaintiff,**

v.

    Civil Action 2:17-cv-561
    Judge George C. Smith
    Magistrate Judge Elizabeth P. Deavers

NATIONWIDE MUTUAL
INSURANCE, *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Joint Motion to Stay Discovery. (ECF No. 24.) For the reasons that follow, Defendants' Motion is **GRANTED**.

### I. Background

In December 2016, Plaintiff, a citizen of Ohio, filed a purported nationwide class action against Defendants. In his 2016 Complaint, Plaintiff claimed that Defendants violated the Stored Communication Act when Defendant Nationwide allegedly issued a "bad check" that was subsequently refused by Defendant JP Morgan Chase. *Allen v. Nationwide Mut. Ins.*, No. 2:16-cv-1178, 2017 WL 1929970 (S.D. Ohio Jan. 10, 2017). On May 9, 2017, this Court dismissed that case for failure to state a claim on which relief may be granted. *Allen v. Nationwide Mut. Ins.*, No. 2:16-cv-1178, 2017 WL 1881456 (S.D. Ohio May 9, 2017).

Following the Court's ruling, Plaintiff filed the instant case in state court alleging an identical set of facts and purporting to bring another nationwide class action against Defendants. (ECF No. 9.) Plaintiff claims that Defendants are liable for fraudulent conversion, unjust

enrichment, breach of contract, and breach of fiduciary duty arising from a one-day delay in cashing Plaintiff's insurance check, during which time Defendant JP Morgan Chase allegedly benefited from the overnight federal funds rate to accrue interest on Defendant Nationwide's check. (*Id*. at 3-4.)

On June 27, 2017, Defendants removed this matter to federal court pursuant to the provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, and further pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.) On September 5, 2017, Defendants filed their Joint Motion for Judgment on the Pleadings. (ECF No. 23.) On the same day, Defendants also filed their Joint Motion to Stay Discovery pending disposition of the Motion for Judgment on the Pleadings. (ECF No. 24.) Plaintiff did not file a Response to the instant Motion.

## II. Standard of Review

Having reviewed Defendants' Motion to Stay and the pending Motion for Judgment on the Pleadings, the Court is persuaded that a temporary stay of discovery pending resolution of Defendants; Motion for Judgment on the Pleadings is warranted.

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The Court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)). In deciding whether to grant a stay, courts

2

commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

### III. Analysis

As Defendants point out, the pending Motion for Judgment on the Pleadings presents threshold legal questions. Defendants posit that Plaintiff's common-law claims are preempted by Ohio's Uniform Commercial Code ("UCC"), which, since its enactment, governs actions related to check presentment and cashing. (ECF No. 23 at 4.) Defendants also posit that all of the actions alleged in Plaintiff's Complaint are authorized by, and conform to, the applicable federal regulations governing the cashing of checks. (*Id.*) Defendants further argue that, as a *pro se*, litigant, Plaintiff is barred from bringing his purported class action allegations. (*Id.*) According to Defendants' arguments, resolution of Defendants' Motion for Judgment on the Pleadings will likely dispose of the entire case. Adjudication of the Motion for Judgment on the Pleadings prior to the parties' engaging in discovery could, therefore, preserve both judicial and party resources. Moreover, this case remains in its infancy. The Court has yet to convene a Preliminary Pretrial Conference, and, thus, no case schedule has been established in this matter. Finally, the Court cannot discern how the short stay contemplated by Defendants will unduly prejudice or tactically disadvantage Plaintiff.

3

## IV. Conclusion

In sum, the Court finds that Defendants have carried their burden to show that a limited stay of discovery is appropriate under the circumstances presented in this case. The Court, therefore, exercises its discretion to conclude that a temporary stay pending resolution of Defendants' Joint Motion for Judgment on the Pleadings is warranted. *Ferrell,* 2005 WL 2709623, at *1. Defendants' Joint Motion to Stay Discovery is **GRANTED**. (ECF No. 24.)

**IT IS SO ORDERED.**

Date: November 8, 2017               /s/ *Elizabeth A. Preston Deavers*
                                     ELIZABETH A. PRESTON DEAVERS
                                     UNITED STATES MAGISTRATE JUDGE