UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DALE ALLEN,

    Plaintiff,

  v.                                      Case No. 2:17-cv-561
                                              JUDGE GEORGE C. SMITH
NATIONWIDE MUTUAL INSURANCE       Magistrate Judge Deavers
COMPANY, *et al.*,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court upon Defendants Nationwide Mutual Insurance Company's ("Nationwide") and JPMorgan Chase & Co.'s ("Chase") Motion for Judgment on the Pleadings (Doc. 23). Plaintiff John Dale Allen has not filed a direct opposition to the Motion, but filed a one-page Motion to Strike Defendants' Motion (Doc. 25) and has sought leave to amend his Complaint (Doc. 33). For the following reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED** and Allen's Motion for Leave to File First Amended Complaint is **DENIED**.

I.    BACKGROUND

In December 2016, Allen, a citizen of Ohio, filed *pro se* a purported nationwide class action in this Court against Nationwide and Chase. In his 2016 Complaint, Plaintiff claimed that Defendants violated the Stored Communication Act when Nationwide allegedly issued a "bad check" that was subsequently refused by Chase. *Allen v. Nationwide Mut. Ins.*, No. 2:16-cv-1178, 2017 WL 1929970 (S.D. Ohio Jan. 10, 2017). On May 9, 2017, this Court dismissed that

case for failure to state a claim on which relief may be granted. *Allen v. Nationwide Mut. Ins.*, No. 2:16-cv-1178, 2017 WL 1881456 (S.D. Ohio May 9, 2017).

Following the Court's ruling, Plaintiff filed the instant case in state court, again *pro se*, alleging an identical set of facts and purporting to bring another nationwide class action against Defendants. (Doc. 9). Plaintiff now claims that Defendants are liable for fraudulent conversion, unjust enrichment, breach of contract, and breach of fiduciary duty arising from a one-day delay in cashing Plaintiff's insurance check, during which time Chase allegedly benefited from the overnight federal funds rate to accrue interest on Nationwide's check. (*Id.* at 3–4).

On June 27, 2017, Defendants removed this matter to federal court pursuant to the provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. (Doc. 1.) Allen attempted to amend his Complaint to restrict the purported class to Ohio residents and sought remand on the basis of the "home state controversy" exception to CAFA, but never properly filed the amended complaint with this Court. On November 2, 2017, this Court denied Allen's motion for remand because, even if Allen had properly amended his complaint, federal subject matter jurisdiction existed at the time of removal. (Doc. 28).

Defendants have both filed Answers to Allen's original Complaint (Docs. 17–18) and now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 23). Allen also seeks leave to amend his original Complaint in order to restrict the purported class to Ohio residents. (Doc. 33). The proposed Amended Complaint is otherwise substantively unchanged from the original. Having apparently mistakenly believed that Defendants became obligated to respond to Allen's proposed Amended Complaint when he filed his motion for leave, Allen also now moves for default judgment against Defendants. (Doc. 36).

## II. STANDARD FOR JUDGMENT ON THE PLEADINGS

Defendants bring this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

### III. DISCUSSION

Even casting the facts in the light most favorable to Allen, he has alleged no more than a routine banking transaction that complied with all applicable statutes, regulations, and common law duties. Defendants' Answers and attached exhibits demonstrate that Nationwide issued the check on September 22, 2016; that the check was presented to Chase the same day; and that the funds were released on September 23, 2016. (Doc. 18-3, Negotiated Check; Doc. 18-4, Bank Statement). Allen did not allege in his Complaint when the funds were made available, but he has not disputed Defendants' timeline, and his proposed Amended Complaint states that "[w]hether Defendants use people's money for one minute or one day for Defendants' financial gain, it is unlawful conversion, theft and unjust enrichment." (Doc. 33-1, Proposed Am. Compl. ¶ 21). Allen's sole claimed injury is therefore that the funds for a check issued by Nationwide were not made available by Chase until one day after the check was presented to Chase.

The timeframe for making check funds available is governed by 12 C.F.R. § 229.12. That regulation provides that "a depository bank shall make funds deposited in an account by a check available for withdrawal not later than the second business day following the bank day on which funds are deposited in the case of a local check." 12 C.F.R. § 229.12(b)(1). By making the funds available after only one business day, Chase complied with this regulation.

Given that federal banking regulations expressly permit banks to release check funds up to two days after presentment, and that the check funds in question were released within one day,

Allen cannot establish that Nationwide or Chase were unjustly enriched, breached a fiduciary duty, unlawfully converted any funds, or issued a bad check. Nor has Allen identified any contract whose provisions have been breached by the one-day delay in releasing the funds. Defendants are therefore entitled to judgment on the pleadings on all of Allen's claims.

Finally, Allen's proposed Amended Complaint would not cure the deficiencies in his claims. The only proposed substantive amendment is to limit the purported class to Ohio residents. But this would not change the fact that none of his claims are viable, whether brought on behalf of an Ohio-only or a nationwide class. Moreover, as already stated by this Court in Allen's previous case, Allen's *pro se* status renders him an inadequate class representative. *Allen v. Nationwide Mut. Ins.*, No. 2:16-CV-1178, 2017 WL 1929970, at *3 (S.D. Ohio Jan. 10, 2017) (quoting *Ziegler v. Michigan*, 90 Fed. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding *pro se* cannot adequately represent a class.")). Therefore, because the proposed amendment would be futile, the Court denies Allen's request to amend his Complaint. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). And because Defendants never became obligated to respond to Allen's proposed Amended Complaint, Allen's motion for default judgment is also denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED;** Allen's Motion for Leave to File First Amended Complaint is **DENIED**; and Allen's Motion for Default Judgment is **DENIED**. The Clerk shall remove Documents 23, 33, and 36 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**